UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
ELSEVIER INC., ELSEVIER B.V.,
ELSEVIER LTD., ELSEVIER IRELAND LTD.,
JOHN WILEY & SONS, INC., WILEY
PERIODICALS, INC., and BLACKWELL
PUBLISHING, LTD.

                          Plaintiffs,

          -against-                              <u>ORDER</u>
                                                 13-CV-0257(JS)(AKT)
HAROON MEMON, BOB MEMON, KULSOOM MEMON,
HANIF MEMON, SAMINA MEMON a/k/a SAMINA
KHMISA, IQBAL GABA a/k/a IQBAL HUSSAIN
GABA a/k/a IQBAL H. GABA a/k/a MR.
IKQBAL JABA a/k/a M.I. GABA a/k/a MR.
GABA a/k/a DR. I. GABA, HAJI SULEMAN
GAZIANI a/k/a SULEMAN HAJI a/k/a H.
SULEMAN, MOHAMMAD IQBAL GAZIANI a/k/a
MOHAMMAD IQBAL a/k/a MOHAMMAD GAZIANI,
JAVARIA IQBAL a/k/a MOHAMMAD GAZIANI,
MUHAMMAD OWAIS, ABDUL KARAR, IQBAL
KAPADWALA, MUHAMMAD TOBRIA a/k/a M.
TOBRIA, ZAHIDA JAMAL, MUHAMMAD SHAHID,
SARDAR AHMED a/k/a S. AHMED, and FEROZA
BANO,

                          Defendants.
---------------------------------------X
APPEARANCES
For Plaintiffs:          Nicole Haff, Esq.
                         John Gerard McCarthy, Esq.
                         Roger J. Maldonado, Esq.
                         Smith Gambrell & Russell LLP
                         1301 Avenue of the Americas
                         New York, NY 10019

For Defendants:
Haroon Memon, Bob
Memon, Kulsoom Memon,
Hanif Memon, Samina
Memon, Abdul Karar,
and Muhammad Tobria    Arshad Majid, Esq.
                         Majid & Associates, P.C.
                         300 Rabro Drive, Suite 112

                          Hauppauge, NY 11788

Iqbal Gaba              Iqbal Gaba, pro se
                        12 Grays Croft Road
                        Streatham Vale
                        London SW 165UP, U.K.


Haji Suleman Gaziani    Haji Suleman Gaziani, pro se
                        c/o Latif & Latif Advocates
                        154-155, Sunny Plaza
                        Hasrat Mohani Road
                        Off I.I. Chundrigar
                        Karachi, Pakistan


Iqbal Kapadwala         Iqbal Kapadwala, pro se
                        772 Franklin Ave.
                        Valley Stream, NY 11580


Mohammad Iqbal Gaziani  Mohammad Iqbal Gaziani, pro se
                        c/o Latif & Latif Advocates
                        154-155, Sunny Plaza
                        Hasrat Mohani Road
                        Off I.I. Chundrigar
                        Karachi, Pakistan


Remaining Defendants:   No appearances.

SEYBERT, District Judge:

During the Pre-Trial Conference on March 2, 2018, the Memon Defendants expressed their intention to seek to disqualify one of Plaintiffs' attorneys, Ms. Haff, on the basis of events which occurred during a court-ordered inspection of a second computer in the Memon Defendants' home on October 9, 2014. At the Pre-Trial Conference, the Court directed the Memon Defendants to file (1) a letter outlining their concerns and their prior disqualification motions, and (2) an affidavit from a person with knowledge of the contents of the second computer on or before March

26, 2018. (See Mar. 2, 2018 Minute Entry, Docket Entry 252.) To date, no such letter or affidavit has been filed.

Nevertheless, the Court reviewed the record, which reflects the following: (1) former counsel for the Memon Defendants was informed that the second computer was not operational before the inspection (Chaudhary Letter, Docket Entry 132; DePasquale Letter, Docket Entry 133), rendering the Memon Defendants' argument that Ms. Haff caused it to become inoperable specious; (2) former counsel for the Memon Defendants took the second computer into his possession on the day of the inspection, contrary to counsel's representations to this Court (DePasquale Letter); (3) the Memon Defendants were previously ordered to submit an affirmation or declaration outlining the chain of custody of the computer, but never did so (Dec. 1, 2014 Minute Entry, Docket Entry 183); (4) the parties initially agreed to split the cost of a forensic examination of the second computer (Dec. 1, 2014 Minute Entry), but Plaintiffs eventually agreed to pay the remaining cost due to the Memon Defendants' refusal (Nov. 20, 2015 Minute Entry, Docket Entry 187); and (5) on February 6, 2015 and July 24, 2015, counsel for the Memon Defendants sought to disqualify Ms. Haff based on her interactions with the pro se Defendant Iqbal Kapadwala and her handling of electronic evidence, including supposed evidence on the second computer (Feb. 6, 2015 Letter, Docket Entry 163; July 24, 2015 Letter, Docket Entry 182).

On November 20, 2015, Judge Tomlinson considered the motion to disqualify and declined to disqualify Ms. Haff. Judge Tomlinson ordered that the parties proceed with the forensic examination of the second computer and found that Ms. Haff's contact with pro se Defendant Kapadwala was proper. (See Nov. 20, 2015 Minute Entry.) Fact and expert discovery was closed in January 2016 (Jan. 28, 2016 Minute Entry, Docket Entry 199), and Judge Tomlinson subsequently approved the parties' Joint Pre-Trial Order, which did not indicate that Ms. Haff would be called as a witness or that the Memon Defendants would seek to disqualify her. (Oct. 21, 2016 Minute Entry, Docket Entry 229; Dec. 7, 2017 Electronic Order.)

Now, four years after the inspection and three years after Judge Tomlinson resolved these issues, the Memon Defendants have made, in this Court's view, a last-ditch attempt to delay a trial in this matter. The Court will not allow it. The disqualification of Ms. Haff has been settled. In this regard, counsel for the Memon Defendants is cautioned that the Court will not hesitate to impose sanctions under Federal Rule of Civil Procedure 11 for any improper conduct.

On March 2, 2018, the Court also extended the deadline to file the Amended Joint Pre-Trial Order to March 26, 2018, because counsel for the Memon Defendants stated that he needed additional time to review Plaintiffs' modifications to the Joint

Pre-Trial Order.  In a letter to the Court dated March 15, 2018, the Memon Defendants advised that they have requested additional documents from Plaintiffs that they "require . . . in order to file the Joint Pre-Trial Order."  However, as the Court has made clear, discovery was closed in 2016.  The Memon Defendants are not entitled to any additional discovery.  They are directed to review the revisions to the Joint Pre-Trial Order promptly and file the Amended Joint Pre-Trial Order on or before April 9, 2018.

On March 14, 2018, Plaintiffs requested that a settlement conference be scheduled with Judge Tomlinson.  The Court is skeptical that a settlement conference will be productive at this stage.  Therefore, the parties are directed to engage in meaningful settlement discussions and file a joint letter on or before April 23, 2018 advising the Court whether they believe a settlement conference will be fruitful.  The Court will schedule a trial thereafter.  Plaintiffs are directed to serve a copy of this Order on the pro se Defendants via first class mail or e-mail and file proof of service on ECF promptly.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     March   29  , 2018
           Central Islip, New York

5